# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL NO. H 01-472 |
| | § | |
| NICHOLAS NNAJI | § | |
| (Civil Action No. 04-4309) | § | |

## ORDER

Nicholas Nnaji moves this court to correct inaccurate information in his presentence report. The motion is denied.

Although the Bureau of Prisons has a duty to maintain its records with sufficient accuracy to ensure fairness, the mere presence of inaccurate information in an inmate's Central File is not an automatic violation of the Privacy Act. *White v. Office of Personnel Management*, 787 F.2d 660 (D.C. Cir.), *cert. denied*, 479 U.S. 885, 107 S.Ct. 276, 93 L.Ed.2d 252 (1986). To establish a violation of the accuracy provision of the Privacy Act, a plaintiff must show that: (1) the Bureau of Prisons made an adverse determination; (2) the Bureau of Prisons failed to maintain accurate records to the degree necessary to assure fairness in the determination; (3) the Bureau of Prisons' reliance on the inaccurate records was the proximate cause of the adverse determination; and (4) the Bureau of Prisons intentionally and wilfully failed to maintain accurate records. A claim for failure to maintain accurate records under the Privacy Act requires "proof that the [BOP] 'willfully or intentionally' failed to correct inaccurate information . . . that was erroneously relied upon

to establish [the inmate's] security classification." *See Whitley v. Hunt*, 158 F.3d 882, 889 (5th Cir.1998), *abrogated on other grounds by, Booth v. Churner*, 532 U.S. 731, 735, 121 S.Ct. 1819, 149 L.Ed.2d 958 (2001). To the extent that Nnaji is challenging the accuracy of the findings and calculations contained in the PSR, his claim is not cognizable under the Privacy Act. *See* 5 U.S.C. § 552a. A challenge to a federal sentence that is based on the incorrect application of the sentencing guidelines should be brought on direct appeal. *See* 18 U.S.C. § 3742(a). *Clark v. Chandler*, 64 Fed. Appx. 417 (5th Cir. 2005); *Deters v. United States Parole Commission*, 85 F.3d 655, 657 (D.C. Cir.1996).

The motion to correct information is denied.

SIGNED on January 17, 2006, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge