IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff-Respondent, | § | |
| | § | |
| VS. | § | CRIMINAL ACTION NO. H-01-472-2 |
| | § | |
| NICHOLAS NNAJI, | § | |
| | § | |
| Defendant-Movant. | § | |

**ORDER ON PENDING MOTIONS**

Nicholas Nnaji has filed a motion to alter judgment, (Docket Entry No. 306), motion for reconsideration of this court's order denying his § 2255 motion, (Docket Entry No. 307), and motion to correct, (Docket Entry No. 310). The government has responded. (Docket Entry No. 317). Nnaji has replied. (Docket Entry No. 318). Based on the record and the applicable law, the motions are denied. The reasons are explained below.

**I.     Background**

Nicholas Nnaji was convicted in 2002 of conspiracy to possess and for possession of one kilogram or more of heroin with the intent to distribute it, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A) and 846. This court sentenced Nnaji to a 188-month prison term. Nnaji filed a direct appeal, challenging the dismissal of a juror during deliberations. The Fifth Circuit affirmed. In 2004, Nnaji filed a motion and an amended motion to vacate or set aside his conviction and sentence. The claims in the original motion included that the trial evidence was insufficient to support his conviction; that his trial and appellate counsel provided ineffective assistance; his confrontation rights were violated under the standard of *Crawford v. Washington*, 541 U.S. 36 (2004); and his

sentence violated *Blakely v. Washington*, 542 U.S. 296 (2004) and *United States v. Booker*, 543 U.S. 220 (2005). In an amended motion, Nnaji sought to raise additional grounds to argue ineffective assistance of trial counsel or appellate counsel and trial-court error. This court held that the claims raised in the original motion, as well as the claims raised in the amended motion that related back to the earlier motion under *Mayle v. Felix*, 545 U.S. 644 (2005), were meritless. This court also held that other allegations raised in the amended motion that were not raised earlier were barred because they were raised too late and did not relate back to the earlier filed motion. This court granted the government's motion for summary judgment and dismissed the case. Nnaji again appealed, without success.

On May 6, 2013, this court denied a motion for resentencing. (Docket Entry No. 303). After that ruling, Nnaji filed the three motions currently before the court.

**II.     The Motion to Alter Judgment**

On March 14, 2013, Nnaji filed a motion for resentencing, claiming that his total offense level was wrongfully inflated by two points due to an obstruction-of-justice enhancement applied in paragraph 30 of the presentence report. (Docket Entry No. 297). At sentencing, Nnaji asserted that he was a naturalized United States citizen, but the probation officer's check resulted in a response from the Bureau of Immigration and Naturalization that he was not a naturalized citizen. Nnaji believed he was sentenced at a total offense level of 36 and asked the court to reduce his offense level by two points, for a total offense level of 34. He provided a copy of a naturalization certificate in support of his argument.

At the sentencing hearing held on June 4, 2002, the dispute over Nnaji's citizenship was presented to the court. Because the citizenship status was unclear, the court declined to impose an

obstruction-of-justice enhancement. The judgment's Statement of Reasons accurately reflected that the total offense level at sentencing was 34, not 36. Nnaji's 188-month sentence was a guideline sentence for a total offense level of 34 and Criminal History Category of I. The order entered on May 6, 2013 was consistent with Nnaji's position. There was no error to be corrected, and the motion for resentencing was denied. (Docket Entry No. 303).

Nnaji's recent motion seeks to alter the judgment. (Docket Entry No. 306). Nnaji claims although the court did not apply the two-point enhancement for obstruction of justice, the sentence he received had the same amount of added time as if the enhancement had been applied. The government argues that Nnaji's Rule 59(e) motion to amend or alter the judgment is effectively a successive § 2255 motion seeking to challenge the June 4, 2002 sentence. (Docket Entry No. 317).

The case of *Gonzalez v. Crosby*, 545 U.S. 524 (2005), presented a similar effort under a Rule 60(b) motion. The Supreme Court held that a Rule 60(b) motion could not be used to circumvent § 2244's limits on second or successive motions. *Id.* at 528–36. The Fifth Circuit has applied *Gonzalez* in the § 2255 context. *See United States v. Hernandes,* 708 F.3d 680, 681 (5th Cir. 2013) (citation omitted); *Williams v. Thaler,* 602 F.3d 291, 301–04 (5th Cir. 2010) (explaining that the rationale in *Gonzalez* applies to motions under Rule 59(e).)

Before Nnaji may file a second or successive § 2255 motion, he must obtain an order from the Fifth Circuit authorizing this court to consider such a motion. 28 U.S.C. §§ 2244(b)(3), 2255(h). Nnaji has not sought or obtained leave to file a second or successive § 2255 motion. Nnaji's motion to alter judgment, (Docket Entry No. 306), is denied as successive and unauthorized. *See* § 2255(h).

**III.    The Motion for Reconsideration**

Nnaji has also asked this court to reconsider its order denying his § 2255 motion, (Docket Entry No. 307). Nnaji alleged that the court erred in finding that the claims raised in his amended § 2255 motion were time-barred. Nnaji relies on *McQuiggin v. Perkins,* — U.S. —, 133 S. Ct. 1924 (2013), to support his argument that the AEDPA one-year limitations period does not preclude an actual innocence claim in a § 2255 motion. Nnaji argues that the issues he presented in his § 2255 motion show how his attorney's failures and omissions led to his conviction when he was in fact actually innocent of the crimes charged.

In *McQuiggin v. Perkins,* the Supreme Court held that a prisoner filing a first-time federal habeas petition could overcome the § 2244(d)(1) one-year limitations period on a showing of "actual innocence" under the standard in *Schlup v. Delo,* 513 U.S. 298, 329 (1995). A habeas petitioner seeking to overcome a procedural default by showing "actual innocence" must support his allegations with "new, reliable evidence" that was not presented at trial. The petitioner must show that it was more likely than not that, in light of the new evidence, no juror, acting reasonably, would have voted to find the petitioner guilty beyond a reasonable doubt. *See Schlup,* 513 U.S. at 326–27 (1995); *see also House v. Bell,* 547 U.S. 518 (2006) (discussing at length the evidence the petitioner presented supporting an actual-innocence exception to procedural default under *Schlup* ). "Actual innocence" in this context refers to factual innocence, and not legal insufficiency. *Bousely v. United States,* 523 U.S. 614, 623–624 (1998).

In this case, Nnaji has made no valid attempt to show he was actually innocent under these standards. Nnaji's motion for reconsideration of this court's order denying his § 2255 motion, (Docket Entry No. 307), is denied.

### IV. The Motion for Resentencing

Nnaji has filed a motion to be resentenced at the low end of the sentencing guidelines, consistent with *Alleyne v. United States,* 133 S. Ct. 2151 (2013), in which the Supreme Court held that "facts that increase mandatory minimum sentences must be submitted to the jury . . . ." *Alleyne,* 113 S. Ct. at 2163. (Docket Entry No. 310). Nnaji argues that the PSR and the sentencing record include facts that by law increase the penalty for his crimes and are "elements" not submitted to the jury and were not found beyond a reasonable doubt. Nnaji argues that this court's guideline calculation violated his constitutional rights under *Alleyne*.

Nnaji's reliance on Alleyne apparently invokes 28 U.S.C. § 2255(f)(3), which provides that the one-year limitation period begins to run on "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review . . . ." For this provision to apply, the Supreme Court must have specifically held that a newly recognized right applies retroactively to cases on collateral review. *Tyler v. Cain,* 533 U.S. 656, 662–63 (2001). The Supreme Court did not declare that the *Alleyne* rule applies retroactively on collateral review. Section 2255(f)(3) is inapplicable and the motion to correct, (Docket Entry No. 310), is denied.

Signed on November 14, 2013, at Houston, Texas.

                                                    Lee H. Rosenthal
                                            United States District Judge